IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Civil No. 1:26-CV-674<br><br><br><br><br>(Chief Magistrate Judge Bloom) |

# MEMORANDUM OPINION

## I. Introduction

Sean "Arielle" Phillips[1] filed an application under Titles II and XVI of the Social Security Act for disability and disability insurance benefits and supplemental security income on April 8, 2024.[2] Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Phillips was not disabled from her alleged onset date of November 7, 2023, through November 24, 2025, the date of the ALJ's decision.[3]

---

[1] The plaintiff's brief indicates that she goes by the name of "Arielle" and uses she/her pronouns.
[2] Tr. 17, 72.
[3] Tr. 73.

Phillips now appeals this decision, arguing that the decision is not supported by substantial evidence. After a review of the record, we agree and conclude that the ALJ's decision is not supported by substantial evidence. Therefore, we will remand this matter for further consideration by the Commissioner.

## II. Statement of Facts and of the Case

Phillips filed for disability and disability insurance benefits, as well as supplemental security income, alleging disability due to bipolar I disorder, obsessive compulsive disorder, borderline personality disorder, generalized anxiety disorder, and post-traumatic stress disorder.[4] Phillips was 22 years old at the time of her alleged onset of disability, had at least a high school education, and had past work as a salesclerk.[5]

An ALJ held a hearing on Phillips' disability application on September 24, 2025.[6] Phillips and a Vocational Expert ("VE") both appeared and testified at this hearing.[7] Following this hearing, on

[4] Tr. 73.
[5] Tr. 29.
[6] Tr. 40-64.
[7] *Id.*

November 24, 2025, the ALJ issued a decision denying the plaintiff's application for disability benefits.[8] The ALJ first concluded that Phillips met the insured status requirement through June 30, 2026, and had not engaged in substantial gainful activity since her alleged onset date of November 7, 2023.[9] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from severe impairments of bipolar disorder, major depressive disorder, generalized anxiety disorder or anxiety state unspecified, obsessive-compulsive disorder, borderline personality disorder, gender dysphoria disorder, and post-traumatic stress disorder.[10] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[11] In assessing the paragraph "B" criteria, the ALJ found that Phillips had a mild limitation in her ability to understand, remember, and apply information and moderate limitations in the remaining three areas of mental functioning.[12]

---

[8] Tr. 17-32.
[9] Tr. 19.
[10] Tr. 20.
[11] Tr. 21.
[12] *Id.*

Between Steps 3 and 4, the ALJ then concluded that the plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the limitation to performing simple tasks and instructions, making simple work-related decisions, interacting with supervisors but not the public, and performing work with limitations on changes in the work setting.[13] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[14] Ultimately, the ALJ concluded that the plaintiff was not as limited as she alleged.

Having made these findings, the ALJ found at Step 4 that Phillips could not perform her past relevant work but found at Step 5 that she could perform the occupations of warehouse worker, sandwich maker, and price marker.[15] Accordingly, the ALJ found that Phillips had not met the stringent standard prescribed for disability benefits and denied her claim.[16]

---

[13] Tr. 24.
[14] Tr. 24-29.
[15] Tr. 30.
[16] Tr. 31-32.

This appeal followed. On appeal, Phillips argues that, *inter alia,* the ALJ failed to properly account for her moderate limitations in concentrating, persisting, or maintaining pace.[17] This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will remand this matter for further consideration by the Commissioner.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[18] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19] Substantial evidence means less

---

[17] Doc. 7.
[18] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[19] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

than a preponderance of the evidence but more than a mere scintilla.[20] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[21]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[22] Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[23] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[24] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[25]

---

[20] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[21] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).
[22] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).
[23] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[24] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[25] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[26] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[27]

In making this disability determination, the ALJ follows a five-step evaluation.[28] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[29]

---

[26] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[27] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[28] 20 C.F.R. §§404.1520(a), 416.920(a).
[29] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[30] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[31] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[32]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[33] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform

[30] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[31] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[32] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[33] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

consistent with the claimant's RFC, age, education, and work experience.[34]

B. This Case will be Remanded.

As we have noted, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests,"[35] and the ALJ must "indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."[36] After consideration, we conclude that the ALJ's RFC determination is not supported by an adequate explanation.

Phillips argues that the ALJ failed to sufficiently explain how Phillips' moderate impairment in concentrating, persisting, and maintaining pace was accounted for by a limitation to simple tasks. After consideration, we agree.

Between Step 3 and Step 4, the ALJ assessed Phillips' mental health impairments using the psychiatric review technique.[37] The ALJ

[34] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.
[35] *Cotter*, 642 F.2d at 704.
[36] *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999).
[37] Tr. 21-23.

concluded that Phillips had moderate limitations in three of the four areas of mental functioning: interacting with others; concentrating, persisting, and maintaining pace; and adapting or managing oneself.[38] But despite finding a moderate limitation in Phillips' abilities to concentrate, persist, and maintain pace, the ALJ found that Phillips could "perform and follow simple tasks and instructions" without further limitation.[39] A moderate limitation in this area of mental functioning may be, but is not necessarily, accounted for by a limitation to simple tasks.[40] In such cases, the ALJ must offer a "valid explanation" to properly arrive at that result.[41]

For such an explanation to be valid, the ALJ may highlight "mental status examinations and reports that revealed that [the claimant] could function effectively; opinion evidence showing that [the claimant] could do simple work; and [the claimant]'s activities of daily living, which

---

[38] Tr. 21-22. The ALJ also concluded Phillips had a mild limitation in the fourth area—understanding, remembering, or applying information.
[39] Tr. 24.
[40] *See e.g., Muhammad v. O'Malley*, Civ. No. 1:23-cv-1341, 2024 WL 4244841, *8 (M.D. Pa. Sept. 19, 2024).
[41] *McDonald v. Astrue,* 293 F. App'x 941, 946 (3d Cir. 2008).

demonstrated that [s]he is capable of engaging in a diverse array of 'simple tasks[.]'"[42] Our Court of Appeals has explained that the propriety of a "simple tasks" limitation for a person with impairments in concentrating, persisting, and maintaining pace is a fact-specific determination that varies from case to case.[43] In *Hess*, the Court found a simple tasks limitation sufficient to account for a moderate limitation because the ALJ explicitly explained why simple tasks were within the claimant's RFC.[44]

Here, the ALJ found that Phillips suffered from moderate limitations in her concentrating, persisting, and maintaining pace abilities, but the hypothetical to the VE, and ultimately the RFC, only included a limitation to "simple tasks."[45] Our review of the decision indicates that the ALJ did not sufficiently explain how this limitation accounts for Phillips' moderate limitation in this area. The ALJ found

[42] *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 214 (3d Cir. 2019).
[43] *Id.* at 211-12.
[44] *Id.* at 214 ("[T]he ALJ explained that '[claimant's] activities of daily living] are consistent with an individual who is able to perform simple, routine tasks . . . [other evidence] demonstrated that he is capable of engaging in a diverse array of 'simple tasks'[.]'").
[45] Tr. 53.

the state agency reviewing physicians' opinions persuasive, which indicated that Phillips could perform routine, noncomplex work due to her moderate limitations in her abilities to maintain attention and concentration for extended periods, perform activities within a schedule, and perform at a consistent pace without an unreasonable number of rest periods.[46] Importantly, "the ability to perform simple tasks differs from the ability to stay on task."[47] But here, the ALJ did not limit Phillips to routine or repetitive work or otherwise explain how he accounted for Phillips' moderate pace limitations that he found persuasive. We conclude that the lack of an explanation regarding this limitation is error. This error's significance is demonstrated by the fact that the VE testified there would be no work for Phillips if she was only "frequently" able to maintain concentration and pace.[48] Accordingly, because the ALJ failed to adequately explain how the "simple tasks" limitation accounted for Phillips' moderate limitations in concentrating, persisting, and

---

[46] Tr. 27-28.
[47] *Sawyer v. Berryhill*, 305 F. Supp. 3d 664, 670 (E.D. Pa. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (internal quotation marks omitted)).
[48] Tr. 54.

maintaining pace, we conclude that substantial evidence did not support the ALJ's decision in this case.

Accordingly, a remand is required for further consideration of these issues.[49] While we reach this conclusion, we note that nothing in this Memorandum Opinion should be deemed as expressing a judgment on the ultimate outcome of this matter. Rather, that task is left to the ALJ on remand.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner will be REMANDED for further consideration.

An appropriate order follows.

Submitted this 19th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[49] Because we find that this error requires a remand, we decline to address the plaintiff's remaining arguments.